UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION
FRANKFORT

| | | |
|---|---|---|
| CHRISTOPHER A. CURTIS and<br>CHRISTINA CURTIS, | )<br>)<br>) | Civil No. 3:15-cv-00070-GFVT |
| Plaintiffs, | )<br>) | |
| and | )<br>) | **MEMORANDUM OPINION**<br>**&** |
| HUMANA HEALTH PLAN, INC., | )<br>) | **ORDER** |
| Intervening Plaintiff, | )<br>)<br>) | |
| v. | )<br>) | |
| RICHARD PRETORIUS, M.D., | )<br>) | |
| Defendant. | )<br>) | |

\*\*\*   \*\*\*   \*\*\*   \*\*\*

Following an eight-day trial, a jury concluded that Dr. Richard Pretorius failed to comply with his duty to exercise the degree of care and skill which is ordinarily expected of a reasonably competent physician under the circumstances presented by this case. Additionally, the Jury determined that Dr. Pretorius's failure to comply with his duty was a substantial factor in causing the damages alleged by Plaintiffs. However, the Jury ultimately found Plaintiffs suffered no past or future physical pain and suffering or consortium, and awarded Plaintiffs $13,000 in reasonable medical expenses. Plainitffs now move the Court for a new trial on damages arguing that the award of damages is not reasonably related to the evidence presented at trial. For the reasons set forth below, the Court will **DENY** Plaintiffs' Motion for New Trial on Damages.

# I

This medical malpractice case was initially filed on September 1, 2015, in the Owen County, Kentucky, Circuit Court. [R. 1-1.] On September 28, 2015, Defendant removed this case to the Eastern District of Kentucky on the basis of diversity of citizenship. [R. 1.] The case revolved around whether Dr. Pretorius was negligent in caring for Christopher Curtis in September 2014, when Curtis presented at New Horizons Medical Center with complaints of an abscess on his buttocks. [R. 1-1]

The case progressed to a jury trial, which began on September 12, 2017. [*See* R. 110.] On September 22, 2017, the Jury returned a unanimous verdict in favor of Plaintiffs Christopher Curtis and Christina Curtis, finding that Defendant Richard Pretorius, M.D. breached his duty and fell below the standard of care when treating Plaintiff Christopher Curtis on September 12, 2014, at New Horizons Medical Center in Owenton, Kentucky. [*See* R. 124.] The Jury determined that Dr. Pretorius's breach was a substantial factor in causing Plaintiff Christopher Curtis's injuries. [*Id.*] The Jury awarded Plaintiff Christopher Curtis damages in the amount of $13,000 for reasonable medical expenses, but did not award damages for past or future pain and suffering or loss of consortium as to Plaintiff Christina Curtis. [*Id.*] This Court entered a Final Judgment on October 12, 2017.

# II

The Federal Rules of Civil Procedure provide, in relevant part, that "[t]he court, may on motion, grant a new trial on all or some of the issues . . . after a jury trial, for any reason for which a new trial has heretofore been granted in an action at law in federal court." Fed. R. Civ. P. 59(a). The United States Supreme Court has held that trial courts have great authority and

discretion under Rule 59(a) to grant new trials. *See Gasperini v. Ctr. for the Humanities, Inc.*, 518 U.S. 415, 433 (1996). The Sixth Circuit has acknowledged, "[t]he trial judge in the federal system has . . . discretion to grant a new trial if the verdict appears to [the judge] to be against the weight of the evidence." *Bell v. Johnson*, 404 F.3d 997, 1002 (6th Cir. 2005) (quoting *Byrd v. Blue Ridge Rural Elec. Coop., Inc.*, 356 U.S. 525, 548 (1958)).

Here, the Plaintiffs challenge the damages award arguing it is insufficient and not reasonable in light of the evidence presented at trial. [*See generally* R. 128-1.]

> The scope of review of a damage award is extremely narrow. A trial court may not grant a new trial on the ground of insufficient damages unless the jury verdict is one that could not reasonably have been reached. The remedy of a new trial for inadequate damages is appropriate only where the evidence indicates that the jury awarded damages in an amount substantially less than unquestionably proved by the plaintiff's uncontradicted and undisputed evidence. Thus, if the verdict is supported by some competent, credible evidence, a trial court will be deemed not to have abused its discretion in denying the motion.

*Bell*, 404 F.3d at 1003 (quoting *Walker v. Bain*, 257 F.3d 660, 674 (6th Cir. 2001)).

Plaintiffs assert that they presented into evidence medical bills establishing "that Dr. Pretorius's negligence resulted in Christopher Curtis incurring medical expenses in excess of $191,000." [R. 128-1 at 2.] Plaintiffs also claim the "uncontroverted testimony" supports an award of pain and suffering. [*Id.* at 3.] According to Plaintiffs, Christopher Curtis's colostomy procedure, and subsequent reversal, were a direct result of Dr. Pretorius's negligence, and, consequently, the jury should have awarded pain and suffering damages in relation to those procedures and the resulting need for medical care. [*Id.* at 4-6.] Similarly, Plaintiffs contend they are entitled to an award of consortium for Plaintiff Christina Curtis. [*Id.* at 10.] Plaintiffs contend Dr. Pretorius presented no evidence on damages and, instead, "defended this action on

3

the basis he met the standard of care in his evaluation and treatment of Mr. Curtis. . . ." [*Id.* at 7.] The essence of Plaintiffs argument is that the evidence they presented, regarding damages, was uncontroverted; therefore, the Jury could not have reasonably awarded $13,000 in medical expenses, $0 in past and future pain and suffering, and $0 in consortium damages for Plaintiff Christina Curtis.

Defendant responds by claiming they did, in fact, contest the medical expenses, even though they did not do a line-by-line analysis. [*See* R. 132.] Defendant cited the record on several points of controverted evidence, including where Plaintiffs' expert witness's testimony could have lead a reasonable jury to discount the damages claimed by Plaintiffs. [*See id.* at 4.] On cross-examination, Plaintiffs expert, Dr. MacArthur, testified: (1) Christopher Curtis would have had to undergo an open surgical procedure regardless of whether Dr. Pretorius provided Mr. Curtis with antibiotics on September 12, 2014, (2) Mr. Curtis "would require hospitalization afterward," and (3) Dr. MacArthur could not exclude, with a hundred percent certainty, that Mr. Curtis would have needed a colostomy even as early as September 12, 2014. [R. 132 at 4. *See also* R. 129 at 79.] Further, Defendant's experts testified that Mr. Curtis "would have undergone a debridement procedure and a colostomy and subsequent reversal procedures even if antibiotics had been prescribed by Dr. Pretorius on September 12, 2014." [R. 132 at 5; R. 130 at 28-31.]

The Court believes the Jury's award of damages were reasonable in light of the evidence. It certainly is true that Dr. Pretorius was found to have fell below the standard of care when treating Mr. Curtis, and that his failure was a substantial factor in causing Mr. Curtis's injuries, but the jury did not determine that Dr. Pretorius's negligence was *the only* factor. The evidence presented on damages, while not explicit as to each medical expense, was challenged by

4

Defendant. Plaintiffs had the burden of proving damages. And while the Plaintiffs certainly put on evidence as to damages, Defendants also put on evidence to dispute that evidence. The Jury was free to accept, discount, or disregard Plaintiffs' damages evidence; it chose to drastically discount it. That decision, and the $13,000 verdict, is supported by competent and credible evidence.

The Court also finds that it was not inconsistent for the Jury to award damages on medical expenses, but award $0 for pain and suffering. In Kentucky, a jury is not mandated to award pain and suffering in every case in which it awards medical expenses. *See Bayless v. Boyer*, 180 S.W.3d 439 (Ky. 2005); *Miller v. Swift*, 42 S.W.3d 599 (Ky. 2001). Here, it is necessary for the Court to determine whether the Jury's award of $0 in pain and suffering was inadequate as a matter of law. "A jury is not bound to believe a plaintiff or her doctors." *Bledsaw v. Dennis*, 197 S.W.3d 115, 118 (Ky. 2006). It is apparent in this case that the jury did not believe the entirety of Plaintiffs' evidence. The jury verdict in this case found Dr. Pretorius's negligence to be a substantial factor—but not necessarily the only factor— in causing Mr. Curtis's damages. [R. 124 at 3.] Based on the award of damages, the Jury believed Mr. Curtis would have suffered some of his pain and suffering regardless of how Dr. Pretorius treated Mr. Curtis on September 12, 2014.

In this case, the Court finds that Defendant put forth sufficient evidence to call into question whether certain injuries, pain, and suffering were a direct result of Dr. Pretorius's negligence. Following the guidance of *Bell*, which states that a new trial for inadequate damages "is appropriate only where the evidence indicates that the jury awarded damages in an amount substantially less that *unquestionably* proved by the plaintiff's *uncontroverted and undisputed*

5

evidence," the Court will not disturb the Jury's verdict. *See Bell*, 404 F.3d at 1003 (emphasis added).

### III

Accordingly, and the Court being otherwise sufficiently advised, it is hereby **ORDERED** that Plaintiffs' Motion for New Trial on Damages [**R. 128**] is **DENIED.**

This the 26th day of July, 2018.

Gregory F. Van Tatenhove
United States District Judge